**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

In re:                                          )
                                                )   Chapter 13
MaryAnn Wallace                                 )
Debtor(s).                                      )   Case No. 2216445 (SLM)
                                                )
                                                )
                                                )
                                                )

CERTIFICATION IN SUPPORT OF DEBTOR'S MOTION TO SHORTEN TIME

I, Michelle Lee, Esquire of full age, certifies as follows:

1. I am the attorney for the debtor in the above matter, and as such, I am fully familiar with the facts and circumstances herein.

2. Debtor, MaryAnn Wallace, owns and resides at 21 Hibernia Road, Rockaway NJ 07866.

3. Prior to the bankruptcy filing, the property was in foreclosure.

4. Counsel and Debtor applied for a loan modification with Statebridge Company, but was denied.

5. Thereafter, Debtor and Counsel have worked to obtain a refinance.

6. Valley Bank agreed to refinance. However, the parties have had several issues including obtaining a payoff amount from lender. Specifically, the title company held the position that since the loan being paid is associated with a Lis Pendens filed in the county, then title company could not get the payoff directly from lender and requires that information and letter related to foreclosure from lender's attorney. Lender's

attorney, however, kept referring the title company back to lender. Counsel also has

been actively involved in getting the payoff amount, which is needlessly time

consuming.

7. On 3/14/24, a Motion to Vacate Dismissal was entered. Debtor had 7 days to file an

amended plan.

8. On 3/15/24, counsel forwarded proof of the Order to the title company. The title

company stated that it required the order to move forward. Counsel requested a

closing date.

9. The title company then indicated that Debtor should not be in bankruptcy to close, but

that Debtor was approved since everything was with the underwriter.

10. Following, the case was dismissed on 4/4/24 for failure to file the amended plan.

11. Debtor then contacted counsel that after dismissal, Valley Bank threatened to cancel

the process because Valley Bank is concerned about the foreclosure.  Counsel

confirmed this with the title company and questioned why, on 3/15 the message was

that debtor should not be in a bankruptcy.

12. Valley Bank's new position is that it wants the bankruptcy to be discharged.

13. Valley also requires a Motion to Refinance on an expedited basis to avoid the

expiration of the payoff amount and work involved obtaining that.

14. Debtors have limited unsecured creditors, who will receive a 100% distribution.

Further, the secured creditor will be paid in full.

15. Accordingly, Debtor filed a Motion to Vacate dismissal to complete the refinance to avoid losing her home on 4/17.

16. The Motion is filed on a shortened time to avoid having to obtain a new payoff. Valley Bank has given debtor a deadline to resolve all issues: reinstatement of case and sell property by 4/30 because of the payoff issues.

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.


Dated: 4/17/24                                   Dilworth Paxson LLP
                                                 By: Michelle Lee Esq.
                                                 1500 Market Street
                                                 Suite 3500
                                                 Philadelphia, PA 19102